**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GEMINI TRUST COMPANY, LLC,
TYLER WINKLEVOSS and
CAMERON WINKLEVOSS,

*Petitioners*,

v.

HOWARD CHEUNG,

*Respondent*.

Case No. 1:26-cv-07385

Hon. Paul A. Engelmayer

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION**
**TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 1

RELEVANT BACKGROUD .......... 1

LEGAL STANDARD .......... 2

ARGUMENT .......... 3

I. This Court Does Not Have Diversity Jurisdiction Because the Amount in Controversy Does Not Exceed $75,000 .......... 3

II. This Court Does Not Have Federal Question Jurisdiction Because Respondent Is Not a Party in *Picha* .......... 5

CONCLUSION .......... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arbaugh v. Y & H Corp.*,
546 U.S. 500 (2006) ........ 3

*Badgerow v. Walters*,
596 U.S. 1 (2022) ........ 3, 4

*Bender v. Williamsport Area Sch. Dist.*,
475 U.S. 534 (1986) ........ 2

*Chen-Oster v. Goldman, Sachs & Co.*,
449 F. Supp. 3d 216 (S.D.N.Y. 2020) ........ 5

*Clark v. Charles Schwab & Co. Inc.*, No.
2024 U.S. Dist. LEXIS 54123 (D. Colo. Mar. 26, 2024) ........ 3, 4

*Dixon v. Paypal Inc.*,
2023 U.S. Dist. LEXIS 171926 (E.D.N.Y. Sep. 26, 2023) ........ 3, 4

*Fernandez v. Villas Mkt. Place, Inc.*,
2025 U.S. Dist. LEXIS 217659 (S.D.N.Y. Nov. 4, 2025) ........ 5

*Jules v. Andre Balazs Props.*,
146 S. Ct. 1209 (2026) ........ 6

*Koonge v. Citibank, N.A.*,
2026 U.S. Dist. LEXIS 134232 (S.D.N.Y. June 16, 2026) ........ 6

*Lok v. Experian Info. Solutions, Inc.*,
2026 U.S. Dist. LEXIS 130876 (S.D.N.Y. June 11, 2026) ........ 6

*Lyndonville Sav. Bank & Tr. Co. v. Lussier,*
211 F.3d 697 (2d Cir. 2000) ........ 2

*Mitchell v. Frattini*,
2022 U.S. Dist. LEXIS 211932 (S.D.N.Y. Nov. 22, 2022) ........ 3, 4

*Smith v. Bayer Corp.*,
564 U.S. 299 (2011) ........ 5

*Tantaros v. Fox News Network*, LLC,
2026 U.S. Dist. LEXIS 167190 (S.D.N.Y. July 28, 2026) ........ 6

*United Food & Com. Workers Union, Loc. 919 v. Centermark Props. Meriden Square*,
30 F.3d 298 (2d Cir. 1994) .......... 2

**Statutes**

28 U.S.C. § 1331 .......... 1, 2

28 U.S.C. § 1332 .......... 1, 3

## PRELIMINARY STATEMENT

The Court must dismiss this action because it does not have subject matter jurisdiction over the Petition under two Supreme Court decisions and their progeny clearly establishing that: (i) the basis for jurisdiction over a petition to confirm an arbitration award must be evident on the face of the application itself, the Court cannot look to the underlying arbitration demand; and (ii) courts cannot establish jurisdiction over a party's claims based on a related class action in which the party was not a named plaintiff and the court did not certify a class. Here, Petitioners seek to confirm an arbitration award that did not find either party liable for damages. With no monetary award at issue, the amount-in-controversy requirement for the Court to exercise diversity jurisdiction under section 1332(a) is not satisfied. The Court also lacks any basis to exercise federal question jurisdiction under section 1331 because Respondents' claims do not arise from federal law and he has never been a party to an action asserting such claims.

## RELEVANT BACKGROUD

Petitioners seek confirmation from this Court of the Final Award in an arbitration that Respondent initiated for damages arising from Petitioners' misstatements and omissions in marketing and executing Gemini Earn, a crypto lending program Gemini launched in February 2021. Gemini Earn catastrophically collapsed in November 2022, causing Respondent and hundreds of thousands of other Gemini Earn users to lose access to their crypto assets for 18 months. Respondent filed an arbitration demand before National Arbitration and Mediation (NAM), pursuant to the terms of the Gemini User Agreement (GUA), a clickwrap agreement that Gemini requires all users to accept to use its platform. In his Statement of Claim, Respondent asserted claims under state law including fraud, negligence, and violations state consumer protection statutes. The arbitration proceeded to a final hearing before Judge Carl Ginsberg, taking place over five days between June 22 and June 26, 2026. On August 12, 2026, Judge Ginsberg

issued a Final Award in which he denied Respondent's claims and Petitioners' counterclaims, finding neither party liable for damages. ECF No. 7-1.

Prior to Repsondent's arbitration, two Gemini Earn users filed a class action complaint in this Court on behalf of a putative class of similarly situated individuals who lost access to assets they deposited into Earn accounts, which assets were still frozen at that time. *See* Class Action Compl., *Picha, et al. v. Gemini Trust Company, et al.*, No. 1:22-cv-10922 (NRB) (Dec. 27, 2022), ECF No. 1. The Defendants in *Picha,* who are the same as Petitioners here, filed a motion to compel arbitration in that action, seeking to enforce the arbitration provision in the GUA. On March 5, 2024, before the named plaintiffs moved to certify a class, the Court granted the motion to compel and stayed the action pending the outcome of arbitration. ECF No. 81. Because no class was certified in *Picha*, the named plaintiffs were not acting in a representative capacity. As such, those individuals along with Petitioners are the only parties to *Picha*. Respondent is not a named plaintiff in *Picha* and, therefore, is not subject to the Court's jurisdiction in that action.

## LEGAL STANDARD

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Tr. Co. v. Lussier,* 211 F.3d 697, 700 (2d Cir. 2000). As a fundamental limit on federal judicial power, the requirement for subject matter jurisdiction cannot be waived and "may be raised at any time by a party or the court *sua sponte*." *Id.* (citing *Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 541 (1986)). If the basis for such jurisdiction "does not affirmatively appear in the record" then the court must dismiss the action. *Bender*, 475 U.S. at 547; *see also United Food & Com. Workers Union, Loc. 919 v. Centermark Props. Meriden Square*, 30 F.3d 298, 301 (2d Cir. 1994) ("Where jurisdiction is lacking . . . dismissal is mandatory."). The scope of federal courts' jurisdiction is delineated in Title 28 of the U.S. Code. 28 U.S.C. §§ 1331, 1332. Section 1331 provides for "federal question"

jurisdiction over claims arising under the Constitution or the federal laws, and section 1332(a) grants "diversity" jurisdiction over claims between citizens of different states and exceeding $75,000 in value. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

## ARGUMENT

### I. This Court Does Not Have Diversity Jurisdiction Because the Amount in Controversy Does Not Exceed $75,000

The Court does not have diversity jurisdiction here because the arbitration award has no monetary value and, therefore, the amount in controversy does not exceed $75,000. Under the Supreme Court's decision in *Badgerow v. Walters*, 596 U.S. 1 (2022), federal courts have jurisdiction over an action to confirm an arbitration award *only* where a jurisdictional basis appears on "the face of the application itself" and may *not* "look-through" the petition to the underlying arbitration for jurisdiction. *Id.* at 8. Prior to *Badgerow*, lower courts were split on the proper method to determine the amount in controversy for the purpose of establishing diversity jurisdiction. Some courts followed the "award" approach, using the amount of the award at issue, and others used the "demand" approach, looking to the amount demanded in the underlying arbitration. *See Dixon v. Paypal Inc.*, 2023 U.S. Dist. LEXIS 171926, at *8 (E.D.N.Y. Sep. 26, 2023). The Supreme Court resolved this split in *Badgerow*, the "demand" approach is no longer viable. ("[O]nly the award approach is viable after the Supreme Court's decision in Badgerow." *See id.* at *1-2; *see also Mitchell v. Frattini*, 2022 U.S. Dist. LEXIS 211932, at *8 (S.D.N.Y. Nov. 22, 2022) ("The petitioner again urges the Court to 'look-through' the award to find that the underlying arbitration involved an amount-in-controversy greater than $75,000. But *Badgerow* forecloses this result."); *Clark v. Charles Schwab & Co. Inc.*, No. 2024 U.S. Dist. LEXIS 54123, at *7 (D. Colo. Mar. 26, 2024) ("If a motion . . . to vacate or confirm an arbitral award does not

plead facts that the arbitral *award* exceeded $75,000, then the Court cannot find that diversity jurisdiction exists.") (emphasis added).

Petitioners' assertion that the amount in controversy is $1,744,081 in *this* action to confirm an arbitration award of **$0** is completely untethered from the relevant case law. After *Badgerow*, federal courts have consistently held that they lacked diversity jurisdiction over a petition to confirm an arbitration award of $0, regardless of the amount sought in the demand. *See, e.g., Dixon*, 2023 U.S. Dist. LEXIS 171926, at *1-2 ("[F]ederal jurisdiction is absent here, because the arbitral award was $0, and jurisdiction based on diversity of citizenship requires an amount in controversy of more than $75,000."); *Clark*, 2024 U.S. Dist. LEXIS 54123, at *7 ("The arbitral panel denied Plaintiff's claims in their entirety and awarded no money to any party. Thus, the amount in controversy, looking solely to the petition to vacate the arbitral award, is zero. And because the amount in controversy threshold has not been met, this Court does not have diversity jurisdiction.") (citing *Mitchell*, 2022 U.S. Dist. LEXIS 211932, at *8 ("[T]he amount-in-controversy requirement is not satisfied [because] the arbitration award at issue totaled $25,450, less than the $75,000.").

To support their assertion regarding the amount in controversy, Petitioners include in their Petition various references to the underlying arbitration demand and attach certain documents from that proceeding. *See* Pet. ¶ 23 (citing Addendum to Statement of Claim), ¶ 27 (citing Respondent's arbitration briefing), ¶ 28 (citing amount sought in arbitration demand). To justify diversity jurisdiction on this basis, however, would require the Court to "look through" the arbitration award at issue—the precise approach foreclosed by *Badgerow*. Finally, Petitioners' claim that the award has an "immediate cash value" of $1,744,081 to Petitioners as "a cost avoided" is baseless and has no bearing on the amount in controversy for jurisdictional purposes. Pet. ¶ 30. Petitioners cannot

avoid the only logical application of *Badgerow*, recognized by numerous courts, which dictates that a petition to confirm an arbitration award finding neither party liable for damages cannot satisfy the amount-in-controversy requirement for jurisdiction under section 1332.[1]

## II. This Court Does Not Have Federal Question Jurisdiction Because Respondent Is Not a Party in *Picha*

There is also no basis for this Court to exercise federal question jurisdiction because the Petition does not involve claims that arise from federal law and Respondent is not a party to any related action that involves federal claims. Petitioners' assertion that jurisdiction exists because Respondent's arbitration "resulted from" the Court's order compelling arbitration in the *Picha* action (Pet. ¶ 9) is contrary to binding Supreme Court precedent clearly holding that a federal court's continuing jurisdiction over an action it stayed pending arbitration reaches only the parties over which the Court has already exercised jurisdiction. In *Smith v. Bayer Corp*., 564 U.S. 299 (2011), the Supreme Court flatly rejected the "novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation *before the class is certified*," and stated "[s]till less does that argument make sense *once certification is denied*. *Id.* at 313. Courts have since recognized the straightforward rule that "putative class members are not parties to an action prior to class certification." *Chen-Oster v. Goldman, Sachs & Co*., 449 F. Supp. 3d 216, 235 (S.D.N.Y. 2020); *see also, e.g., Fernandez v. Villas Mkt. Place, Inc.*, 2025 U.S. Dist. LEXIS 217659, at *1 (S.D.N.Y. Nov. 4, 2025); *Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 297 (D.C. Cir. 2020).

[1] In certain circumstances courts have held that the amount-in-controversy requirement is satisfied when an award finds that plaintiff's breach of contract entitles a defendant to *retain funds that it had been withholding* from the plaintiff in excess of $75,000. *See Shenzhen Zongheng Domain Network Co., v. Amazon.Com Servs.* 2023 U.S. Dist. LEXIS 137307, at *16 (S.D.N.Y. Aug. 4, 2023) (citing *Rising Star Inc. v. Amazon.com, Inc*., 2023 U.S. Dist. LEXIS 90260, at *10 (S.D.N.Y. May 23, 2023). Here, Respondent has not been found liable for breach of contract, and no withheld funds are in dispute.

Moreover, Petitioners' reliance on *Jules v. Andre Balazs Props*., 146 S. Ct. 1209 (2026) is baseless because Respondent was not a party to *Picha*, and the Court never had jurisdiction over his claims. *See* Pet. ¶ 9. *Jules* held only that when a federal court compels parties to arbitrate a dispute, it retains jurisdiction *over the parties to that action* for purposes of petition under §§ 9 and 10 of the FAA:

> This case addresses whether a federal court that has previously stayed claims ***<u>in a pending action</u>*** under §3 of the Federal Arbitration Act (FAA), 9 U. S. C. §1 *et seq*., has jurisdiction to confirm or vacate a resulting arbitral award as to those claims under §9 and §10. The Court holds that it does. Because a federal court in this scenario has jurisdiction over the original claims and does not lose that jurisdiction while the case is stayed pending arbitration, it retains jurisdiction to determine whether the arbitral award resolving those claims is valid and should be confirmed.

*Id.* at 203 (emphasis added).

Whether Respondent's arbitration was "was conducted as a result of" the Court's order compelling arbitration in *Picha* (Pet. ¶ 9) is of no moment because the Court never had jurisdiction over Respondent, who was never a party to the *Picha* action. Courts that have applied *Jules* have done so only where the court had already exercised jurisdiction over the parties' original claims. *See Tantaros v. Fox News Network*, LLC, 2026 U.S. Dist. LEXIS 167190, at *8 (S.D.N.Y. July 28, 2026) (finding jurisdiction to confirm arbitration award because "the Court has subject matter jurisdiction over Tantaros's Amended Complaint, . . . which includes claims of violation of Title VII and other federal and state laws"); *Koonge v. Citibank, N.A*., 2026 U.S. Dist. LEXIS 134232, at *3 (S.D.N.Y. June 16, 2026) ("Because this Court had pre-existing jurisdiction over Plaintiff's claims . . . it therefore has jurisdiction to adjudicate a motion to confirm the arbitration award under Section 9 of the FAA[.]") (citing *Jules*, 146 S. Ct. at 1218); *Lok v. Experian Info. Solutions, Inc*., 2026 U.S. Dist. LEXIS 130876, at *4 (S.D.N.Y. June 11, 2026) (finding the court lacked jurisdiction where plaintiff filed suit in federal court, the action was stayed pending arbitration, but

the plaintiff "failed to respond to court orders, resulting in the action being dismissed without prejudice and no longer stayed").

**CONCLUSION**

For foregoing reasons, the Court must dismiss this action for lack of subject matter jurisdiction.

Dated: September 25, 2026

KIM & SERRITELLA LLP

By: /s/ James R. Serritella

James R. Serritella
Johnny M. Shaw
110 W. 40th Street, 9th Floor
New York, NY 10018
212-960-8345
jserritella@kandslaw.com
jshaw@kandslaw.com

*Attorneys for Petitioners*

**WORD COUNT CERTIFICATION**

I hereby certify that the foregoing document complies with Rule 7.1 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York, and based on the word-processing system used to prepare the document, it has a word count of 2,197.

Dated: New York, New York
September 25, 2026

/s/ James R. Serritella
James R. Serritella